# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE
# CIVIL ACTION NO. 3:18CV-P114-GNS

DEMETRIUS M. CLAYTON                                                           PLAINTIFF

v.

SOUTHERN HEALTH PARTNERS *et al.*                             DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff Demetrius M. Clayton filed the instant *pro se* 28 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is before the Court on the initial review of the action pursuant to 28 U.S.C. § 1915A. Upon review of the complaint, the Court will dismiss some of Plaintiff's claims and give him the opportunity to amend his complaint.

### I. SUMMARY OF ALLEGATIONS

Plaintiff identifies himself as a pretrial detainee at the Hardin County Detention Center (HCDC). He sues Southern Health Partners and Carmen Blackburn, whom he identifies as a "medical staff administrator" at HCDC, in her individual and official capacities.

Plaintiff alleges that when he entered HCDC on January 25, 2018, he "informed HCDC of all allergies." In a claim which he begins "Medical Malpractice," Plaintiff states he was given medication which he is allergic to. He states, "Ibuprofen, Tylonal, Naproxen, all of them; I'm allergic to, Insaids." He maintains, "They have had copies of my medical records since 2014 from U of L outpatient . . . ." He states, "I was denied my right, to refuse medical treatment, or be put in the hole." Plaintiff continues, "Approximately on 2-2-18 around 10:30 pm I fell down, in medical pod, from abdominal pain, and burning in gut. Other inmates got medical staff, they allowed me to lay in door of my cell; because they thought I was joking." He states, "Upon

seeing blood discharge from rectum around 11 pm. Then I was taken seriously. At approximately 11:30 I was taken to HMH hospital in Hardin County, and dis charged approximately around 2:30 am on 2-3-18." Plaintiff maintains, "Naproxen was believed to be the cause of my bleeding. Due to medical conditions on file Chron's; and ulcertive colitis. Insaids are known to cause bleeding in patient with these conditions." He states that he was returned to the medical pod.

In a second claim which Plaintiff begins "Unlawful Detainment," he states, "On 2-3-18 at approximately 11:30 am to 12:00 pm I was moved from medical pod to Isolation, by medical staff, with no displinary reports, verbal out burst or physical out burst." He continues, "Upon asking Lt. Motler stated she did not know why I was moved to Isolation by medical. Later was stated I was moved to Isolation cell 122 for blood comeing out of rectum as medical observation. Was never checked on by medical staff." Plaintiff further states that he "spent 20 hours in Isolation and was took back to medical pod 165 cell 174, an was told by Classification at jail; thats medical observation. Pod 165, located inside [HCDC] medical facilities which all lead to emotional distress."

As relief, Plaintiff seeks punitive damages and other relief in the form of "Miniumal 30 day suspension without pay."

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* §§ 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601,

604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*,

3

610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

#### A. Defendant Southern Health Partners

Plaintiff sues Defendant Southern Health Partners, which the Court presumes is a private entity which has contracted with HCDC to provide medical care to inmates. The Sixth Circuit has held that the analysis that applies to a § 1983 claim against a municipality applies to a § 1983 claim against a private corporation such as Defendants.[1] *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)) ("*Monell* involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well.")). "[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691. A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Id*. Thus, liability of a contracted private entity must be based on a policy or custom of the entity. *Street v.*

---

[1] "It is clear that a private entity which contracts with the state to perform a traditional state function such as providing medical services to prison inmates may be sued under § 1983 as one acting 'under color of state law.'" *Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993) (quoting *West v. Atkins*, 487 U.S. 42, 54 (1988)).

*Corr. Corp. of Am.*, 102 F.3d at 818; *see also Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001) ("CMS's [Correctional Medical Systems, Inc.,] liability must also be premised on some policy that caused a deprivation of [plaintiff's] Eighth Amendment rights.").

To state a claim, a plaintiff must "identify the policy, connect the policy to the [entity] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability" of the entity under § 1983. *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff alleges no policy or custom on the part of Defendant Southern Health Partners that caused his alleged injuries. The complaint alleges isolated occurrences affecting only Plaintiff. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible."). Accordingly, Plaintiff's claims against Defendant Southern Health Partners will be dismissed for failure to state a claim upon which relief may be granted.

### B. Defendant Blackburn

Plaintiff also sues Defendant Blackburn in her official and individual capacities. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell*, 436 U.S. at 690 n.55). Suing an employee in his official capacity is the equivalent of

5

suing his employer. *Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990). Therefore, the Court construes Plaintiff's official-capacity claim against Defendant Blackburn as brought against her employer, Hardin County.

Under the same analysis the Court applied to Plaintiff's claim against Southern Health Partners, the Court finds that Plaintiff does not allege a custom or policy on the part of Hardin County that caused his alleged injuries. Accordingly, Plaintiff's official-capacity claim against Defendant Blackburn will be dismissed for failure to state a claim upon which relief may be granted.

With regard to his individual-capacity claim against Defendant Blackburn, Plaintiff does not state specific allegations against her or state how she was directly involved in the alleged events. While the Court has a duty to construe *pro se* complaints liberally, Plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for [his] claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). Federal Rule of Civil Procedure 8(a) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" To state a claim for relief, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the acts about which he complains. *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976).

Plaintiff fails to state in the complaint how Defendant Blackburn was personally involved in the events giving rise to his claims. Nor does he identify anyone else who was personally involved in the events. Therefore, Plaintiff's individual-capacity claim against Defendant Blackburn is subject to dismissal. However, the Court will give Plaintiff an opportunity to file

an amended complaint to state specific allegations against Defendant Blackburn and to name any other individuals whom he believes caused his injuries. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA.").

## IV.  ORDER

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that the claims against Southern Health Partners and the official-capacity claim against Defendant Blackburn are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1), (2) because the claims fail to state a claim upon which relief may be granted and/or seek relief from a defendant who is immune from such relief.

The Clerk of Court is **DIRECTED to terminate Defendant Southern Health Partners** as a party to this action.

**IT IS FURTHER ORDERED** that within **30 days** from the entry date of this Memorandum Opinion and Order, **Plaintiff may file an amended complaint to state specific allegations against Defendant Blackburn and to name any other individuals whom he believes caused his injuries**. The Clerk of Court is **DIRECTED** to place the instant case number and word "Amended" on a § 1983 complaint form and send it to Plaintiff for his use should he wish to amend the complaint.

**Plaintiff is WARNED that should he fail to file an amended complaint within 30 days, the Court will enter an Order dismissing the entire action for the reasons stated herein.**

Date: August 2, 2018

Greg N. Stivers, Judge
United States District Court

cc: Plaintiff, *pro se*
     Defendants
4416.010