# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE
# CIVIL ACTION NO. 3:18CV-P114-GNS

**DEMETRIUS M. CLAYTON**　　　　　　　　　　　　　　　　　　　**PLAINTIFF**

**v.**

**SOUTHERN HEALTH PARTNERS** *et al.*　　　　　　　　　　　　　**DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff Demetrius M. Clayton filed the instant *pro se* 28 U.S.C. § 1983 action proceeding *in forma pauperis*. By prior Memorandum Opinion and Order, the Court conducted an initial review of the action pursuant to 28 U.S.C. § 1915A, dismissed some of Plaintiff's claims, and gave him the opportunity to file an amended complaint (DN 7). This matter is before the Court on initial review of the amended complaint pursuant to 28 U.S.C. § 1915A. Upon review, the Court will dismiss some of Plaintiff's claims and allow some of his claims to proceed for further development.

## I. SUMMARY OF ALLEGATIONS

At the time he filed his complaint, Plaintiff identified himself as a pretrial detainee but indicates in the amended complaint that he is now a convicted inmate at the Hardin County Detention Center (HCDC). In the amended complaint, he sues Carmen Blackburn, whom he identifies as "Medical Team Administrator" at HCDC in her individual and official capacities; and HCDC.

Plaintiff alleges a claim of "medical malpractice" and states that from January 30, 2018, to February 2, 2018, he was given medication that he is allergic to, specifically "Naproxen and 'Insaids' ibuprofen, tylenol, motrin, advil. That has been on file since 2014." Plaintiff states, "I

advise Carmen Blackburn I'm allergic to the medication and didn't want it. She stated take the medication or be placed in lockdown. Violating HCDC policy on right to obtain or refuse medical treatment as stated in the inmate handbook."

Plaintiff maintains that on February 2, 2018, at around 10:30 pm he "fell down in the medical observation pod from abdominal pain, no medical help was offered by medical staff, around 11 pm large amount of blood discharged from rectum, was take in to Hardin Memorial Hospital at approximately 11:45 pm . . . ." He states that he was discharged on February 3, 2018, at around 2:30 am and that "'Insaids,' naproxen to be cause of bleeding, caused flare of medical conditions Chron's to ulcerative colitis disease." He reports that he was returned to the medical observation pod at HCDC.

In a second claim labeled "Unlawful Detainment," Plaintiff states that on February 3, 2018, at approximately 11:00 am Blackburn "for reasons unknown had a [HCDC] deputy move me the hole, cell 122, from medical observation pod." He continues, "After a talk with Lt. Motter was believed to be for the bleeding, but wasn't sure why I was placed in isolation by Carmen, with no disciplinary action, physical or verbal violating the disciplinary procedure to policy posted in inmate handbook." He further asserts that "on 2-4-18 around 8:00 am I was moved back to medical observation pod after 20 hrs unobserved medical supervision." Plaintiff states that he suffered emotional distress "caused by the events that took place, not knowing the severity of my injuries, not receiving proper medical care and asking other male inmates for help from rectal bleeding."

Plaintiff maintains that HCDC and Blackburn "are responsible for these actions. HCDC for the employment of Carmen Blackburn, and violating its own due process for the hole, and

2

disciplinary procedure policy. And Carmen Blackburn for violating HCDC due process of the right to obtain, and refuse medical treatment procedures and policy . . . ."

As relief, Plaintiff seeks punitive damages and other relief in the form of "Miniumal 30 days suspension without pay."

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

#### A. HCDC and official-capacity claim against Blackburn

Plaintiff sues HCDC and Blackburn in her official capacity. However, HCDC is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 U.S. App. LEXIS 28072, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983); *see also Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department

may not be sued under § 1983). In this situation, Hardin County is the proper defendant. *Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502. 503 (W.D. Ky. 1990). Further, Hardin County is a "person" for purposes of § 1983. *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978). The Court therefore will construe the claim against HCDC as a claim brought against Hardin County.

Moreover, "[o]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell*, 436 U.S. at 690 n.55). Suing employees in their official capacities is the equivalent of suing their employer. *Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. at 503. Therefore, the Court construes Plaintiff's official-capacity claim against Blackburn as brought against her employer, Hardin County.

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will first address the second issue, *i.e.*, whether the municipality is responsible for the alleged constitutional violation.

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir.

5

2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff alleges that he was given medication that he was allergic to and that he was put in isolation for 20 hours after returning from the hospital and was not observed. However, he does not allege that the action or inaction of any Defendant occurred as a result of a policy or custom implemented or endorsed by Hardin County. In fact, he alleges that the actions taken violated HCDC policy. The complaint alleges isolated occurrences affecting only Plaintiff. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible.").

Further, Plaintiff alleges that HCDC is liable based on its "employment of Carmen Blackburn." However, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto employers or supervisors. *Monell*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).

Accordingly, Plaintiff's claim against HCDC and his official-capacity claim against Blackburn will be dismissed for failure to state a claim upon which relief may be granted.

### B. Individual-capacity claim against Blackburn

Based on the allegations, the Court will construe the complaint as alleging both medical malpractice and a claim of deliberate indifference to Plaintiff's serious medical needs in violation of the Fourteenth Amendment. Plaintiff also alleges "unlawful detainment" based on

Blackburn moving him from the medical observation pod to the hole for 20 hours after returning from the hospital for rectal bleeding without medical observation. The Court will also construe these allegations as a claim for deliberate indifference to his serious medical needs. Upon review, the Court will allow the deliberate indifference and medical malpractice claims to proceed against Blackburn.

Plaintiff also alleges violation of his right to due process based on Blackburn's violation of HCDC policy. However, failure of prison officials to follow institutional procedures or policies does not give rise to a claim for violation of the Due Process Clause. *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995); *Smith v. City of Salem, Ohio*, 378 F.3d 566, 578 (6th Cir. 2004) ("[S]tate law, by itself, cannot be the basis for a federal constitutional violation."); *Rimmer-Bey v. Brown*, 62 F.3d 789, 791 (6th Cir. 1995) (rejecting inmate's argument that prison failed to follow Michigan prison regulations in putting him in segregation). Therefore, Plaintiff's claim based on Blackburn's violation of jail policies and procedures must be dismissed for failure to state a claim upon which relief may be granted.

## IV. ORDER

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that the claims against the Hardin County Detention Center, the official-capacity claim against Blackburn, and the individual-capacity claim against Blackburn for violation of the Due Process Clause are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) because the claims fail to state a claim upon which relief may be granted.

The Clerk of Court is **DIRECTED to terminate Hardin County Detention Center** as a party to this action.

The Court will enter a separate order governing the claims which will proceed.

Date: September 26, 2018

**Greg N. Stivers, Judge
United States District Court**

cc: Plaintiff, *pro se*
   Defendants HCDC and Blackburn
   Hardin County Attorney
4416.010